## MORRIS'S ADMINISTRATOR *v.* BILLS.

Witness—heir not for estate—trover—conversion—attorney.

An heir entitled to a distributive share of the estate, is incompetent as a witness for the administrator, unless the estate is insolvent.

Where property has been placed in the hands of the defendant, by those having the legal custody of it, trover cannot be maintained, without proof of actual conversion, or a demand and refusal.

If evidence has been omitted by mistake, the Supreme Court, to avoid a new suit or new trial, will allow it to be introduced after the evidence is closed.

An attorney, to whom a portion of the recovery is assigned, is an incompetent witness for the claim.

TROVER for a wagon and horses, and sundry other property. It appeared in evidence, that the articles were delivered by the intestate to John Town, in part of a contract for land, and Morris left in possession of them. Before Morris's death, it had been agreed to cancel the contract. At the death, Town held the property as Morris's agent. After the death, by an arrangement with the widow and children of Morris and Bills, the property was made over to the defendant, to pay certain debts, and were by the heirs placed on his premises. The administrator of Morris brought this suit, after the letters of administration were ordered by the court, but before they, in fact, issued, and without demanding the goods.

In the progress of the trial, the plaintiff called William Morris, the son, and one of the heirs of the intestate, as a witness.

The defendant objected that he was interested.

BY THE COURT. The witness is entitled to a distributive share of the estate, and unless it is admitted to be insolvent, the recovery would put money in his pocket; he is inadmissible.

*Boalt,* for the defendant, moved for a non suit, because there was no evidence of a conversion by the defendant. The property was put in the defendant's fields, by those having the custody of it, and there is no evidence of his using it as his own, or of a demand and refusal.

*O. Parish,* offered to supply the evidence; it had been omitted by mistake.

*Boalt,* objected.

BY THE COURT. This is a court of dernier resort, and we are in the constant habit, where justice requires it, to relax our rules, where mistakes have occurred, in order to avoid new trials. You can give the evidence.

*O. Parish,* was then called as a witness.

*Boalt,* objected, and proved that the interest of the widow and heirs in this suit, in the estate of Morris, had been assigned to the

[Pickard v. Bills and Knapp.]

witness and the administrator, to secure certain fees due, and the proceeds of the suit were, in fact, coming to the witness.

BY THE COURT. The witness is clearly inadmissible.

The plaintiff having no other evidence, then submitted to a non suit, and the jury were discharged.